Case 3:25-cv-00193-SDJ    Document 1-1    03/06/25    Page 1 of 12

Ascension                 C-142908
Filed Jan 24, 2025 9:21 AM
NATALIE HANNA
Deputy Clerk of Court
E-File Received Jan 21, 2025 2:53 PM

## 23rd JUDICIAL DISTRICT COURT FOR THE PARISH OF ASCENSION

## STATE OF LOUISIANA

NO. _____                                                              DIV. _____

### LEON SAULNY and EZETTA SAULNY

### VERSUS

### STATE FARM FIRE AND CASUALTY COMPANY

FILED: _____           _____
                                                                              DEPUTY CLERK

### PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, come petitioners, Leon Saulny and Ezetta Saulny (hereinafter "Petitioners"), and file their Petition against Defendant, State Farm Fire and Casualty Company (hereinafter "Defendant" or "State Farm"), respectfully averring as follows:

### I. PARTIES

**1.**

Made Plaintiffs herein are **Leon Saulny and Ezetta Saulny**, people of the full age of majority and residents of the Parish of Ascension, State of Louisiana.

**2.**

Made Defendant herein is **STATE FARM FIRE AND CASUALTY COMPANY**, an Illinois insurance company authorized to do and doing business in the State of Louisiana and the Parish of Ascension, which may be served through Louisiana Secretary of State 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

### II. JURISDICTION AND VENUE

**3.**

Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure, Article 2.

Certified True and Correct Copy
CertID: 2025012400084

Ascension Parish
Deputy Clerk Of Court

Generated Date:
1/24/2025 11:03 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

STATE FARM EXHIBIT A  PAGE 1

**4.**

Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 76.

### III. RELEVANT FACTS

**5.**

At all times relevant hereto, Petitioners owned the property located at 12178 Canterbury Park Drive, Geismar, Louisiana 70734 (the "Property").

**6.**

At all times relevant hereto, Defendant provided a policy of insurance, policy number 18-CF-W619-53 (the "Policy"), to Petitioners which covered the Property against perils including wind and provided the following coverages: $325,000.00 for Dwelling; $32,500.00 for Other Structures; $244,425.00 for Personal Property and $97,770.00 for Loss of Use; *inter alia*.

**7.**

On or about January 24, 2023, a windstorm caused significant damages to Petitioners' Property.

**8.**

Petitioners promptly reported the loss(es) to Defendant, who assigned it claim number 18-45S-547-G (hereinafter the "Claim").

**9.**

Petitioners then took steps to mitigate the damages to their home at their expense to the best of their ability under the circumstances.

**10.**

On or around February 24, 2023, Johnny Deliberto on behalf of Defendant inspected the Property and only documented $535.97 to fully repair the Property. Defendant issued $0.00 to Plaintiffs.

**11.**

On or around March 13, 2023, Exact Building Consultants inspected the Property on behalf of Petitioners and documented $79,039.23 in damages.

Page 2 of 8


Certified True and Correct Copy
CertID: 2025012400084

Ascension Parish
Deputy Clerk Of Court

Generated Date:
1/24/2025 11:03 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

STATE FARM EXHIBIT A  PAGE 2

**12.**

As a result of Defendant's failure to timely and adequately compensate Petitioners for their covered losses, Petitioners were forced to incur the expense of retaining counsel and other expenses to prosecute their claim.

**13.**

On or around May 31, 2023, a demand for the release of unconditional tenders along with the Exact Building Consultants estimate documenting damages to the Property was sent to Defendant.

**14.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**15.**

To date, no insurance proceeds have been forthcoming.

**16.**

To date, Defendant has not adequately compensated Petitioners for their substantial and covered losses. Further, Defendant has never adequately adjusted the losses.

**17.**

As a result of Defendant's failure to timely and adequately compensate Petitioners for their substantial losses, Petitioners have not been restored for the cost of repairs to the Property.

**18.**

Upon information and belief, Defendant's failure to timely and adequately compensate Petitioners for their losses, after receiving satisfactory proofs of loss, was purposeful or at least negligent.

**19.**

Upon information and belief, Defendant purposely and/or negligently misrepresented to Petitioners the terms and conditions of the Policy.

Certified True and Correct Copy
CertID: 2025012400084

Ascension Parish
Deputy Clerk Of Court

Generated Date:
1/24/2025 11:03 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

STATE FARM EXHIBIT A  PAGE 3

**20.**

Upon information and belief, Defendant conducted the investigation and claims handling for Petitioners' claims in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**21.**

Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

**22.**

Upon information and belief, Defendant purposely or at least negligently failed to include adequate overhead and profit in its estimate of damages.

**23.**

Petitioners have incurred or will incur additional expenses in repairing the Property as a result of Defendant's failure to timely compensate them for their substantial and covered losses.

**24.**

Petitioners have incurred or will incur professional expenses, including attorney's fees, to determine that Defendant wrongfully failed to adequately/timely pay on their Claim under the Policy.

### IV.  CAUSES OF ACTION

#### A. Breach of the Insurance Contract

**25.**

Petitioners reallege and re-aver the allegations contained in the above paragraphs, as if restated herein.

**26.**

Despite having adequate proofs of loss, Defendant failed to timely tender adequate funds under the Policy.

**27.**

An insurance contract, the Policy, exist between Petitioners and Defendant.

Certified True and Correct Copy
CertID: 2025012400084
Ascension Parish
Deputy Clerk Of Court
Generated Date: 1/24/2025 11:03 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

STATE FARM EXHIBIT A  PAGE 4

**28.**

By purposely and/or negligently failing to timely tender undisputed insurance proceeds, Defendant breached the insurance contract.

**29.**

By purposely and/or negligently misrepresenting to Petitioners the terms and conditions of the relevant Policy, Defendant breached the insurance contract.

**30.**

By conducting the investigation and claims handling in bad faith, Defendant breached the insurance contract.

**31.**

By failing to adequately compensate Petitioners for damages to the Property, as required by the Policy, Defendant breached the insurance contract.

**32.**

Petitioners have suffered and continue to suffer damages as a result of these breaches of the insurance contract.

### B. Bad Faith

**33.**

Petitioners reallege and re-aver the allegations contained in the above paragraphs as if restated herein.

**34.**

The actions and/or inactions of Defendant in failing to adequately compensate Petitioners for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

**35.**

Under La. R.S. § 22:1973, an insurer like State Farm owes a good faith duty and fair dealing to an insured State Farm and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious, or without probable cause is in violation


Certified True and Correct Copy
CertID: 2025012400084

Ascension Parish
Deputy Clerk Of Court

Generated Date:
1/24/2025 11:03 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

STATE FARM EXHIBIT A  PAGE 5

of La. R.S. § 22:1973.

**36.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**37.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**38.**

Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Petitioners adequate payment in connection with their damages, despite having received satisfactory proof of loss following its own inspection(s) of the Property and following receipt of independent proofs of loss from Petitioners.

**39.**

Defendant's misrepresentation of the terms of the Policy was in bad faith.

**40.**

Defendant's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claim was in bad faith.

**41.**

Defendant's handling of Petitioners' claim was in bad faith.

### V. DAMAGES

**42.**

Petitioners reallege and re-aver the allegations contained in paragraphs above, as if restated herein.

**43.**

Page 6 of 8



Ascension Parish
Deputy Clerk Of Court

Certified True and Correct Copy
CertID: 2025012400084

Generated Date:
1/24/2025 11:03 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

STATE FARM EXHIBIT A  PAGE 6

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Petitioners have incurred the following, non-exclusive, damages:

a. Diminution of the value of the Property;
b. Actual repair costs;
c. Reimbursement for personal repairs/ mitigation at the Property;
d. Actual costs related to personal property manipulation, cleaning, repair, and/ or replacement;
e. Additional living expenses;
f. Mental anguish;
g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and
h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**44.**

Petitioners request a trial by jury.

**WHEREFORE,** Petitioners, Leon Saulny and Ezetta Saulny, pray that Defendant, STATE FARM FIRE AND CASUALTY COMPANY, be served with a copy of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Petitioners, Leon Saulny and Ezetta Saulny, against Defendant, STATE FARM AND CASUALTY COMPANY, in an amount that will fully and fairly compensate Petitioners pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

*Ashley U. Schmidt*
Ashley U. Schmidt, La. Bar No. 36005
Galen M. Hair, La. Bar No. 32865
Rene C. Gautreaux, La. Bar No. 25060
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3001 17th Street
Metairie, Louisiana 70002

Page 7 of 8


Ascension Parish
Deputy Clerk Of Court

Certified True and Correct Copy
CertID: 2025012400084

Generated Date:
1/24/2025 11:03 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

STATE FARM EXHIBIT A  PAGE 7

Telephone: 504.684.5200
Facsimile: 504.613.6351
aschmidt@hstalaw.com
hair@hstalaw.com
rgautreaux@hstalaw.com

**Please Serve:**

**STATE FARM FIRE AND CASUALTY COMPANY**
*Through its Registered Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

Page 8 of 8

Certified True and Correct Copy
CertID: 2025012400084

Ascension Parish
Deputy Clerk Of Court

Generated Date:
1/24/2025 11:03 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

STATE FARM EXHIBIT A  PAGE 8


D3724952

# CITATION FOR PETITION

| | |
|---|---|
| LEON SAULNY, ET AL | 23RD JUDICIAL DISTRICT COURT |
| VS | DOCKET NUMBER: C-142908 C |
| STATE FARM FIRE AND CASUALTY COMPANY | PARISH OF ASCENSION STATE OF LOUISIANA |

STATE FARM FIRE AND CASUALTY COMPANY          Parish of EAST BATON ROUGE
THRU REGISTERED AGENT LA SECRETARY OF STATE
8585 ARCHIVES AVE
BATON ROUGE, LA 70809

You are named as a defendant in the above captioned matter. Attached to this citation is a certified copy of: PETITION FOR DAMAGES.

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the 23RD JUDICIAL DISTRICT COURT located at 607 E. WORTHEY STREET, GONZALES, LA 70737 within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

C. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.

D. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

D. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

This Citation was issued by the Clerk for the Court for the 23rd Judicial District Court on the 24TH DAY OF JANUARY, 2025.

ASCENSION DEPUTY CLERK FOR
BRIDGET HANNA, CLERK OF COURT

REQUESTED BY: SCHMIDT, ASHLEY UNSWORTH

**SERVICE**

SERVED ON
NANCY LANDRY

FEB 04 2025

SECRETARY OF STATE
COMMERCIAL DIVISION

STATE FARM EXHIBIT A  PAGE 9

# State of Louisiana
## Secretary of State

02/05/2025

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

STATE FARM FIRE & CASUALTY COMPANY
STATE FARM INSURANCE COMPANIES
C/O CORPORATION SERVICE COMPANY
450 LAUREL STREET, 8TH FLOOR
BATON ROUGE, LA  70801

Suit No.: 142908
23RD JUDICIAL DISTRICT COURT
ASCENSION PARISH

LEON SAULNY, ET AL
vs
STATE FARM FIRE AND CASUALTY COMPANY

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

NANCY LANDRY
Secretary of State

Served on: NANCY LANDRY
Served by: J SHOWS

Date: 02/04/2025
Title: DEPUTY SHERIFF

No: 1351410



CZ

NANCY LANDRY
SECRETARY OF STATE
P.O. BOX 94125
BATON-ROUGE, LA 70804-9125





9489 0090 0027 6667 7554 71

FIRST-CLA



STATE FARM EXHIBIT A  PAGE 11



# Notice of Service of Process

**KSB / ALL**
**Transmittal Number: 30879976**
**Date Processed: 02/25/2025**

| | |
|---|---|
| Primary Contact: | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| Entity: | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| Entity Served: | State Farm Fire and Casualty Company |
| Title of Action: | Leon Saulny vs. State Farm Fire and Casualty Company |
| Matter Name/ID: | Leon Saulny vs. State Farm Fire and Casualty Company (16949955) |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Ascension Parish District Court, LA |
| Case/Reference No: | C-142908 C |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 02/25/2025 |
| Answer or Appearance Due: | 21 Days |
| Originally Served On: | Secretary Of State |
| How Served: | Certified Mail |
| Sender Information: | Hair Shunnarah Trial Attorneys, LLC d/b/a Insurance Claim HQ d/b/a Insurance Claim Lawyers, Inc.<br>504-684-5200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com